# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JARIS BOWDEN and JARIS BOWDEN as parent and natural guardian of RMJ, a minor

**DEFENDANTS**
Christopher R. Wuyts, United States of America

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [X] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1346(b)(1)
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 11/25/25
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __May 2, 2025__

**RELATED CASE IF ANY:** Case Number: __N/A__ Judge: _____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

**A. *Federal Question Cases:***
1. Indemnity Contract, Marine Contract, and All Other Contracts)
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief ***see certification below***
16. All Other Federal Question Cases. *(Please specify)*: _____

**B. *Diversity Jurisdiction Cases:***
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*: _____
7. Products Liability
8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARIS BOWDEN<br>200 Ashby Road, Apartment B<br>Upper Darby, Pennsylvania 19082<br>    and<br>JARIS BOWDEN, as parent and natural<br>Guardian of RMJ, a minor,<br>       Plaintiffs,<br><br>v.<br><br>CHRISTOPHER R. WUYTS<br>1397 Carver Way<br>West Chester, Pennsylvania 19380<br>    and<br>UNITED STATES OF AMERICA<br>c/o United States Attorney General<br>10th Street NW & Constitution Avenue<br>Washington, DC 20530,<br>       Defendants. | CIVIL ACTION<br><br>No. |

## COMPLAINT IN CIVIL ACTION

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346(b)(1), which grants the District Court exclusive jurisdiction over civil actions against the United States seeking money damages for personal injuries caused by the negligent acts or omissions of any employee of the Government while acting within the scope of their office or employment.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the alleged acts or occurrences leading to plaintiffs' injuries occurred within Upper Darby Township in the County of Delaware, in the Commonwealth of Pennsylvania.

## PARTIES

3. Plaintiff, Jaris Bowden, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

4. Plaintiff, RMJ, a minor, by and through his parent and natural guardian, Jaris Bowden, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

5. Defendant, Christoper R. Wuyts, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint, and who at all times material hereto was the owner and operator of a 2017 Dodge Durango.

6. Defendant, United States of America ("USA"), with a registered business address listed as in the caption of this Complaint, operates the United States Marshals Service, which is a federal agency of the executive branch of the United States Government, which was, at all relevant times, doing business in the Commonwealth of Pennsylvania, and which at all times material hereto was the employer or otherwise legally responsible for the actions of Christopher R. Wuyts, its employee or agent.

7. At all times material hereto, defendant, USA, was acting individually, jointly and/or by and through defendant's agents, servants, workmen and/or employees, including the defendant, Christopher R. Wuyts, who was operating the 2017 Durango, within the course and scope of his employment.

## FACTS

8. On or about May 2, 2025, plaintiffs were injured as a result of the negligence and/or carelessness of the defendants, when the defendants' vehicle disregarded a red traffic signal while

traveling westbound on Market Street/West Chester Pike in Upper Darby Township, causing a collision with plaintiff's 2003 Jeep Cherokee.

9. As a result of this accident, plaintiffs have suffered severe and permanent bodily injuries which are most fully set forth below.

## COUNT I

### Jaris Bowden v. Christopher R. Wuyts and United State of America
### Personal Injury

10. Plaintiffs hereby incorporate by reference the averments contained within Paragraph Nos. 1 through 9 above, as though same were set forth more fully at length herein.

11. The negligence and carelessness of the defendants consisted of the following:

    (a) Failing to have the defendants' vehicle under proper and adequate control;

    (b) Operating the vehicle at an excessive rate of speed;

    (c) Operating the vehicle without due regard for the rights, safety, and position of the plaintiff's vehicle;

    (d) Operating the vehicle in a dangerous and unsafe manner;

    (e) Failing to maintain a proper lookout;

    (f) Failing to adequately pay attention to the surrounding circumstances controlling the area of the accident;

    (g) Driving too fast for conditions;

    (h) Driving in a careless manner;

    (i) Failing to keep a safe distance ahead;

    (j) Failing to yield the right of way;

    (k) Failing to maintain a proper stopping distance;

   (l)  Failing to abide by traffic control devices;

   (m)  Failing to drive a vehicle without having the proper license and/or training;

   (n)  Violating various provisions of the Pennsylvania Motor Vehicle Code; and

   (o)  Violating statues of the Commonwealth of Pennsylvania pertaining to operation of motor vehicles upon the public highways.

  12.  Solely as a result of the defendants' negligent and careless conduct, plaintiff, Jaris Bowden, has suffered, yet suffers, and may in the future suffer injuries which are serious, severe, and permanent in nature, which include but are not limited to, cervical spine injuries, cervical/lumbar/thoracic disc protrusions/herniations/bulges, neck and back pain and issues, and plaintiff may well have suffered injury to his body, upper and lower extremities, and internally into his nerves and nervous system, as well as possible aggravation, acceleration, exacerbation, or activation of any pre-existing illness or illnesses or conditions which he may have had.

  13.  As a result of the aforesaid, plaintiff, Jaris Bowden, has been and may in the future be required to expend various sums of money for medical care and treatment in an endeavor to effectuate treatment and care of the aforesaid injuries and/or such other items of expense which have been incurred or which will be incurred and ascertained in the future.

  14.  As a result of the aforesaid, plaintiff, Jaris Bowden, suffered severe physical and emotional pain, mental anguish, and humiliation and may continue to so suffer for an indefinite time into the future.

  15.  As a result of the aforesaid, plaintiff, Jaris Bowden, has been and may in the future be required to expend various sums of money for such other items of expense which either have been incurred but not yet documented or which are to be incurred and ascertained in the future.

16. As a result of the aforesaid, plaintiff, Jaris Bowden, has suffered a loss of earnings and/or loss of earnings capacity.

WHEREFORE, plaintiff, Jaris Bowden, respectfully requests this Honorable Court enter judgment in his favor and against the defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including costs and compensation for delay.

## COUNT II

### Jaris Bowden, as Parent and Natural Guardian of RMJ, a minor
### v. Christopher R. Wuyts and United State of America
### Personal Injury

17. Plaintiffs hereby incorporate by reference the averments contained within Paragraph Nos. 1 through 16 above, as though same were set forth more fully at length herein.

18. The negligence and carelessness of the defendants consisted of the following:

    (a) Failing to have the defendants' vehicle under proper and adequate control;

    (b) Operating the vehicle at an excessive rate of speed;

    (c) Operating the vehicle without due regard for the rights, safety, and position of the plaintiff's vehicle;

    (d) Operating the vehicle in a dangerous and unsafe manner;

    (e) Failing to maintain a proper lookout;

    (f) Failing to adequately pay attention to the surrounding circumstances controlling the area of the accident;

    (g) Driving too fast for conditions;

    (h) Driving in a careless manner;

    (i) Failing to keep a safe distance ahead;

  (j) Failing to yield the right of way;

  (k) Failing to maintain a proper stopping distance;

  (l) Failing to abide by traffic control devices;

  (m) Failing to drive a vehicle without having the proper license and/or training;

  (n) Violating various provisions of the Pennsylvania Motor Vehicle Code; and

  (o) Violating statues of the Commonwealth of Pennsylvania pertaining to operation of motor vehicles upon the public highways.

19. Solely as a result of the defendants' negligent and careless conduct, plaintiff, RMJ, has suffered, yet suffers, and may in the future suffer injuries which are serious, severe, and permanent in nature, which include but are not limited to, anxiety, depression, cervical spine injuries, cervical/lumbar/thoracic disc protrusions/herniations/bulges, neck and back pain and issues, and plaintiff may well have suffered injury to his body, upper and lower extremities, and internally into his nerves and nervous system, as well as possible aggravation, acceleration, exacerbation, or activation of any pre-existing illness or illnesses or conditions which he may have had.

20. As a result of the aforesaid, plaintiff, RMJ, has been and may in the future be required to expend various sums of money for medical care and treatment in an endeavor to effectuate treatment and care of the aforesaid injuries and/or such other items of expense which have been incurred or which will be incurred and ascertained in the future.

21. As a result of the aforesaid, plaintiff, RMJ, suffered severe physical and emotional pain, mental anguish, and humiliation and may continue to so suffer for an indefinite time into the future.

22. As a result of the aforesaid, plaintiff, RMJ, has been and may in the future be required to expend various sums of money for such other items of expense which either have been incurred but not yet documented or which are to be incurred and ascertained in the future.

WHEREFORE, plaintiffs, Jaris Bowden, as parent and natural guardian of RMJ, a minor, respectfully requests this Honorable Court enter judgment in his favor and against the defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including costs and compensation for delay.

## COUNT III

### Jaris Bowden v. Christopher R. Wuyts and United State of America
### Property Damage

23. Plaintiffs hereby incorporate by reference the averments contained within Paragraph Nos. 1 through 22 above, as though same were set forth more fully at length herein.

24. As a result of defendants' negligence and carelessness, plaintiff, Jaris Bowden, suffered damages to his motor vehicle, which defendants are responsible for.

WHEREFORE, plaintiffs, Jaris Bowden, respectfully requests this Honorable Court enter judgment in his favor and against the defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including costs and compensation for delay.

D. SCOTT BONEBRAKE, Esquire (#76341)
Noel and Bonebrake
25 East Second Street
Media, Pennsylvania 19063
(610) 892-7700
Email: sbonebrake@noelandbonebrake.com
Attorney for Plaintiffs

## **VERIFICATION**

I, JARIS BOWDEN, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to answers falsified to authorities.

_____
JARIS BOWDEN

BOWDEN et al. v. WUYTS et al.
USDC, ED PA

## VERIFICATION

I, JARIS BOWDEN, as parent and natural guardian of RMJ verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to answers falsified to authorities.

_____
JARIS BOWDEN, as parent and natural guardian of RMJ

BOWDEN et al. v. WUYTS et al.
USDC, ED PA